# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES,<br><br>    Plaintiff,<br><br>v.<br><br>HARMON, *et al.*,<br><br>    Defendants. | Case No. 1:21-cv-00796-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDERS, AND FAILURE TO PROSECUTE<br><br>(ECF Nos. 8, 11)<br><br>**FOURTEEN (14) DAY DEADLINE** |

### I. Background

Plaintiff Michael Gonzales ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 11, 2021, the Court issued a screening order granting Plaintiff leave to file a first amended complaint or a notice of voluntary dismissal within thirty (30) days. (ECF No. 8.) The Court expressly warned Plaintiff that the failure to comply with the Court's order would result in a recommendation for dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim. (*Id.* at 10.) Following an extension of time, Plaintiff's first

amended complaint or notice of voluntary dismissal was due on or before October 25, 2021. (ECF No. 11.) Plaintiff was again warned that failure to comply with the Court's order would result in a dismissal of this action for failure to state a claim, failure to prosecute, and failure to obey a court order. (*Id.* at 2.) The deadline has expired, and Plaintiff has failed to file an amended complaint or otherwise communicate with the Court.

**II.      Failure to State a Claim**

   **A.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

   **B.      Plaintiff's Allegations**

Plaintiff is currently housed at Kern Valley State Prison in Delano, California where the events in the complaint appear to have occurred. Plaintiff names the following defendants:

2

(1) Harmon, counselor,[1] and (2) Hernandez.  Both defendants are named in their individual and official capacities.

Plaintiff alleges on 5/13/21, two "2.5-er" prisoners were moved into C-4 unit.  Plaintiff alleges that Defendant Harmon instigated fights between Plaintiff and white prisoners by manipulating the 2.5er prison gang members with statements about Plaintiff's past criminal activities, in the hope that the 2.5er prison gang members will jump Plaintiff.  Defendant Harmon pointed to Plaintiff asking the inmate can you handle him, "he's a mother fucker."  Counselor Hernandez was standing at the door laughing.  On 5/11/21 and 5/12/21, Plaintiff gave Defendant Hernandez a request form to move units due to threats of violence from 2.5er gang members.  Defendant Hernandez ignored Plaintiff's emergency request, and Defendant Harmon also ignored the request.  Plaintiff was concerned of violence from a porter assigned to work in C-4 unit who is a white supremist prisoner who Defendant Harmon and "John Doe," mislead with prejudicial comments so they would assault Plaintiff.

Violence was supposed to happen after the prisoners came off lockdown, and Plaintiff was supposed to get jumped by white supremists and 2-ers prison gang members.  Plaintiff spoke to Harmon, John Doe and Hernandez who "all know about this" on 5/13/21.  They all agreed not to move Plaintiff and set him up for assault.

Plaintiff has sent inmate requests to the Captain, who ignored it and has filed 602 appeals.  Plaintiff alleges the appeals coordinators must be cooperating with Harmon, John Doe and Hernandez because no 602 he has filed while in C-4 has ever been processed.  Plaintiff alleges that Harmon, John Doe and Hernandez have a "code of silence" as they set Plaintiff up for assault.  Plaintiff alleges Harmon, John Doe and Hernandez are retaliating against Plaintiff from some 30 assaults on staff while he was being held in various institutions.  The code of silence includes denial of access to the law library and legal research.

---

[1] The allegations are unclear whether Defendant Harmon is a correctional officer or a counselor, as the caption of the complaint identifies this defendant as a counselor, but the body of the complaint refers to this defendant as a correctional officer.  In addition, Plaintiff has failed to list "John Doe," as a defendant in the caption, although the body of the complaint purportedly contains charging allegations.  *See* Fed. R. Civ. P. 10(a).

Plaintiff alleges that on about 4/18/20, he was moved to D facility after a fight in unit 6, a 2-5er prison gang unit. Plaintiff was moved again on 5/17/20 due to a conflict between Plaintiff and several 2-5er that posed a threat.

Plaintiff seeks an injunction "prohibiting the defendants dangerous actions toward Plaintiff," and compensatory and punitive damages.

### C. Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983.

#### 1. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57.

Although Plaintiff's complaint is short, it is not a plain statement of his claims. As a basic matter, the complaint does not clearly state what happened, when it happened, or who was involved. It is not clear whether any violence took place which involved Plaintiff.

#### 2. Eighth Amendment – Failure to Protect

Plaintiff is attempting to allege a failure to protect Plaintiff from enemies.

While the Eighth Amendment requires prison officials to provide prisoners with the basic human needs, including reasonable safety, it does not require that the prisoners be comfortable and provided with every amenity." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). A housing assignment may be "restrictive and even harsh," but will not violate the Eighth Amendment unless it "either inflicts unnecessary or wanton pain or is grossly disproportionate to the severity of crimes warranting imprisonment." *Rhodes v. Chapman*, 452 U.S. 337, 348–49

4

(1981) (finding inmates had no constitutional right to be housed in single cells). Only where prison officials knew or should have known that a housing assignment posed an excessive risk to an inmate's safety will placement with a particular inmate have constitutional implications. *Estate of Ford v. Ramirez–Palmer*, 301 F.3d 1043, 1050 (9th Cir. 2002). To establish a failure to protect claim, the prisoner must establish that prison officials were deliberately indifferent to a sufficiently serious threat to the prisoner's safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). " 'Deliberate indifference' has both subjective and objective components." *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013). The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer*, 511 U.S. at 837. "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.' " *Labatad*, 714 F.3d at 1160 (quoting *Farmer*, 511 U.S. at 847).

An assertion that Plaintiff may have been in fear of attack based upon race and/or gang affiliation does not subject Defendants to liability for failure to protect under the Eighth Amendment. Plaintiff has not identified any compensable injury to himself. Damages are not available to prisoners asserting only mental or emotional injuries. "[F]or all claims to which it applies, 42 U.S.C. § 1997e(e) requires a prior showing of physical injury that need not be significant but must be more than de minimis." *Oliver v. Keller*, 289 F.3d 623 (9th Cir. 2002); *Figueroa v. Clark*, No. 1:19-CV-00968 BAM(PC), 2020 WL 4700806, at *7 (E.D. Cal. Aug. 13, 2020) (no failure to protect for alleged "gladiator type" fights set up by various officials where Plaintiff was not involved and merely feared involvement), report and recommendation adopted, No. 1:19-CV-00968 DAD BAM(PC), 2020 WL 7714261 (E.D. Cal. Dec. 29, 2020); *Ruiz v. Clark*, No. 1:20-CV-00893 EPG(PC), 2020 WL 9934485, at *9 (E.D. Cal. Sept. 2, 2020) (For prisoners' actions, mental or emotional injuries alone do not create a federal cause of action; there must also be "a prior showing of physical injury or the commission of a sexual act . . . ." 42 U.S.C. § 1997e(e)").

Here, Plaintiff's allegations do not state, but imply, that he experienced fear, intimidation, and threats of violence as a result of these incidents, but does not allege that he sustained physical injury; nor can such personal physical injury to Plaintiff plausibly be inferred from the alleged facts. Accordingly, Plaintiff fails to state a cognizable claim.

### 3. Conspiracy

It is unclear if Plaintiff attempts to bring a claim for conspiracy in violation of 42 U.S.C. § 1983.

A conspiracy claim brought under Section 1983 requires proof of "an agreement or meeting of the minds to violate constitutional rights," *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001) (quoting *United Steel Workers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540–41 (9th Cir. 1989) (citation omitted) ), and an actual deprivation of constitutional rights, *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting *Woodrum v. Woodward County, Okla.,* 866 F.2d 1121, 1126 (9th Cir. 1989) ). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Franklin*, 312 F.3d at 441 (quoting *United Steel Workers*, 865 F.2d at 1541).

The Ninth Circuit requires a plaintiff alleging a conspiracy to violate civil rights to "state specific facts to support the existence of the claimed conspiracy." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 929 (9th Cir. 2004) (citation and internal quotation marks omitted) (discussing conspiracy claim under § 1985); *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) ("To state a claim for conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." (citation omitted)).

Plaintiff's allegations of conspiracy under § 1983 fail to state a claim because his allegations are conclusory and merely speculative. Plaintiff does not provide any specific facts showing that any of the Defendants had an agreement to violate his constitutional rights.

### 4. Eleventh Amendment – Official Capacity

To the extent Plaintiff is attempting to sue any defendants in their official capacities, the following standards apply.

"Suits against state officials in their official capacity . . . should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Holley v. Cal. Dep't of Corr.*, 599 F.3d 1108, 1111 (9th Cir. 2010) (treating prisoner's suit against state officials in their official capacities as a suit against the state of California). An official-capacity suit "represent[s] only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citation omitted). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Id.* at 166.

A claim for prospective injunctive relief against a state official in his or her official capacity is not barred by the Eleventh Amendment provided the official has authority to implement the requested relief. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 92 (1989). Moreover, "[a] plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts of omissions constituting the alleged constitutional violation." *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013); *see Rouser v. White*, 707 F. Supp. 2d 1055, 1066 (E.D. Cal. 2010) (proper defendant for injunctive relief in suit seeking implementation of CDCR policy is the CDCR Secretary in his official capacity). Instead, Plaintiff need only identify the law or policy challenged as a constitutional violation and name the official or officials within the entity who is or are alleged to have a "fairly direct" connection with the enforcement of that policy, *see Ex Parte Young*, 209 U.S. 123, 157 (1908), and can appropriately respond to injunctive relief. *Hartmann*, 707 F.3d at 1127 (citation omitted); *see also Pouncil v. Tilton*, 704 F.3d 568, 576 (9th Cir. 2012).

Plaintiff may not pursue his claims for monetary damages against the named defendants in their official capacities. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." *Aholelei v. Dep't. of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities, *Hafer v. Melo*, 502 U.S. 21, 30 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003), or suits for injunctive relief brought against state officials in their official capacities, *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 680 n.2 (9th Cir. 1991). Plaintiff may only proceed in this action

for monetary damages against defendants in their individual capacities.

### 5. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114–15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff fails to state a cognizable claim for retaliation. Plaintiff's allegations concerning instances of alleged retaliation are conclusory in nature, involving a recitation of the elements of the claim and lacking sufficient factual matter to state a plausible claim for relief. Plaintiff's speculation that Defendants took actions because of Plaintiff's numerous staff attacks at various institutions is conclusory and without factual support. Critically, Plaintiff does **not** have a First Amendment right to attack staff, and any "retaliation" based on Plaintiff's prior actions is not protected by the Constitution.

### 6. Grievance Process

To the extent that Plaintiff seeks redress because of handling of his inmate grievances, he is advised that inmates lack a separate constitutional entitlement to a specific grievance procedure. The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted), *cert. denied*, 541 U.S. 1063 (2004); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

///

### 7. Doe Defendants

The use of John Does in pleading practice is generally disfavored. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999); *Lopes v. Viera*, 543 F.Supp.2d 1149, 1152 (E.D. Cal. 2008). Plaintiff is hereby advised that the court cannot order service of a Doe defendant because the United States Marshal cannot serve a Doe defendant. Plaintiff will be required to identify him or her with enough information to locate the defendant for service of process. For service to be successful, the Marshal must be able to identify and locate defendants. Once the identify of a Doe defendant is ascertained, Plaintiff must file a motion to amend his complaint only to identify the identified Doe defendant so that service by the United States Marshal can be attempted.

### 8. Injunctive Relief

Plaintiff seeks injunctive relief in this action. Federal courts are courts of limited jurisdiction and in considering a request for injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.*

Further, requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ["PLRA"], which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." In cases brought by prisoners involving conditions of confinement, any injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff." *Committee of Central American Refugees v. I.N.S.*, 795 F.2d 1434,

1441 (9th Cir. 1986), quoting *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984).

The injunctive relief Plaintiff is seeking, such as "prohibiting the defendants dangerous actions" may go beyond what would be allowed under the PLRA as it is not narrowly tailored to address the violations of the rights at issue in this action and is too ambiguous and vague. *Caribbean Marine Servs. Co., Inc. v. Baldridge*, 844 F.2d 668, 674-75 (9th Cir. 1988). Therefore, the Court cannot grant broad requests for relief or requests based on the possibility of an injury.

### III. Failure to Prosecute and Failure to Obey a Court Order

#### A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

#### B. Discussion

Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the Court's orders. The Court cannot effectively manage its docket if Plaintiff ceases litigating his

case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's August 11, 2021 screening order expressly warned Plaintiff that his failure to file an amended complaint would result in a recommendation of dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim. (ECF No. 8, p. 10.) The Court's September 21, 2021 order granting Plaintiff's motion for an extension of time to file his amended complaint also warned Plaintiff that his failure to comply with the court's order would result in dismissal of this action for failure to state a claim, failure to prosecute, and failure to obey a court order. (ECF No. 11, p. 2.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

**IV.     Conclusion and Recommendation**

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

///

Further, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey a Court order, and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 8, 2021**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE